IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-04156-SKC

ARTURO JOSE GOMES MORANTE,

Petitioner,

v.

DIRECTOR, Aurora ICE Processing Center,

Respondent.

---

**ORDER**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. 1. Respondent was ordered to respond to the Petition and show cause why it should not be granted. Dkt. 5. On October 2, 2026, Respondent filed a Response. Dkt. 14. On October 13, 2026, Petitioner filed a Reply. Dkt. 16. For the reasons shared below, the Court grants Petitioner's Application in part.

**BACKGROUND**

Petitioner is confined at an immigration detention facility in Aurora, Colorado. Dkt. 1 at 1. Petitioner alleges he is native of Venezuela and that he entered the United States on November 3, 2019, as a B-2 visitor. *Id.* at 6. He further alleges he has filed an application for asylum and withholding of removal that remains pending. *Id.* Petitioner asserts he was arrested by immigration officers when he appeared for a

scheduled asylum interview on August 17, 2026. *Id.* He further asserts that he requested a custody redetermination hearing and was denied bond on August 30, 2026. *Id.*

Petitioner asserts three claims. Claim one is a statutory claim in which he argues his detention is unlawful to the extent he is subject to mandatory detention. Claim two is a Fifth Amendment due process claim in which Petitioner challenges the adequacy of his custody redetermination hearing. According to Petitioner, "[t]he custody decision relied substantially on unresolved allegations originating abroad," and "continued detention based on unresolved allegations must comport with constitutionally adequate procedures and cannot rest on speculation alone." *Id.* at 8. Finally, claim three repeats the prior claims: "Petitioner requests review of whether his present detention is authorized by the correct statutory provision and whether the procedures sustaining that detention satisfy the Fifth Amendment." *Id.* As relief Petitioner seeks release under reasonable conditions of supervision or a constitutionally adequate custody proceeding. *Id.* at 9.

Respondent contends in his response that claim one lacks merit because Petitioner is not subject to mandatory detention. With respect to due process, Respondent argues the Court lacks jurisdiction to consider the claim because Petitioner is asking the Court to reweigh the evidence presented to the Immigration Judge who denied bond.

In his reply, Petitioner concedes that his statutory claim is not a viable claim

for relief because he is not subject to mandatory detention. Dkt 16 at 2, 17. Therefore, the only claim before the Court is the Fifth Amendment due process claim.

**ANALYSIS**

If a habeas petitioner is being detained under § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an immigration judge's discretionary decision to deny bond under that statute. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."). But § 1226(e) does not foreclose from review a legal or constitutional challenge to the statutory framework or process used to reach that determination. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Here, Petitioner challenges the constitutional adequacy of the procedures at his custody redetermination hearing on August 30, 2026. The Court construes the due process claim liberally as challenging the allocation of the burden of proof at that hearing. The record before the Court demonstrates the immigration judge placed the burden on the Petitioner to show he is neither a flight risk nor a danger to the community. *See* Dkt. 1 at 34 (For a noncitizen to secure bond, the noncitizen must first demonstrate to the Court that their release would not pose a danger to people or to property."; "If the noncitizen is not considered a danger, the noncitizen must then establish that they are likely to appear for future immigration proceedings.")

Ultimately, the Immigration Judge denied Petitioner bond "because [he] has not established that his release will not endanger public safety and because the potential for a statutory bar to asylum and withholding of removal elevate his risk of flight." Dkt. 1 at 35.

Courts use the balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the process due in a particular case. *See Marin v. King*, 720 F. App'x 923, 940–41 (10th Cir. 2018); *Tiu v. Blanche*, No. 26-cv-02735-NYW, ECF No. 20 at 3 (D. Colo. Sept. 17, 2026). Pursuant to *Mathews*, courts weigh the following three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Doing that due process analysis here, at the outset, there is no question that Petitioner has a significant interest at stake. Freedom from physical detention "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L.Ed.2d 578 (2004) (directing courts, when assessing the first *Mathews* factor, to consider only the petitioner's interests at stake in ongoing detention without consideration of the respondents' justifications for the detention). Thus, the first *Matthews* factor favors Petitioner.

Turning to the second *Mathews* factor – the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards – the Court finds that requiring Petitioner to bear the burden creates a great risk of erroneous deprivation. "[R]equiring a noncitizen to prove that they are *not* a flight risk and *not* a danger to the community is an inherently more difficult burden to meet than proving the affirmative," since "'[a]s a practical matter it is never easy to prove a negative.'" *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *10 (D. Colo. Jan. 13, 2026) (quoting *Elkins v. United States*, 364 U.S. 206, 218 (1960)); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 31 (1st Cir. 2021) ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving a cause for concern.").

Finally, the Court considers "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335, 96 S.Ct. 893. The Court "discerns no significant administrative or fiscal burden associated with placing the burden of proof with the Government." *Vizguerra-Ramirez v. Baltazar*, 25-cv-00881-NYW, 2025 WL 3653158, at *14 (D. Colo. Dec. 17, 2025). The additional cost, if any, from shifting the burden of proof to the government is negligible. *See Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) ("[T]he administrative burden of a bond hearing is minimal."). Therefore, this factor also weighs in Petitioner's favor.

Pursuant to *Mathews*, the Court finds that Petitioner's due process rights were violated. Accordingly, the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1) is **GRANTED** and the Court **ORDERS** as follows:

1. Respondent shall provide Petitioner with a new bond hearing before a different immigration judge in which the Government bears the burden of proof within **SEVEN DAYS of the date of this Court's Order**; and
2. Respondent shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

DATED October 19, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge